JOSHUA D. HURWIT, IDAHO STATE BAR NO. 9527
UNITED STATES ATTORNEY
DAVID J. MORSE, IDAHO STATE BAR NO. 10066
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
1290 W. MYRTLE ST. SUITE 500
BOISE, ID 83702-7788
TELEPHONE: (208) 334-1211
FACSIMILE:  (208) 334-1413

**U.S. COURTS**

**FEB 15 2023**

Rcvd_____Filed_____Time_____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ERNESTO ANTONIO DIAZ GASPAR,<br>HECTOR MANUEL OJEDA APONTE,<br>JOSE DEJESUS LOERA,<br>CEVIN ALFONZO MARTINEZ, AND<br>WILKIN ROLANDO MARTINEZ<br>MUNGUIA,<br><br>Defendants. | Case No.  CR 23-0036-S DCN<br><br>**INDICTMENT**<br><br>18 U.S.C. § 2<br>21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(B),<br>and (b)(1)(C)<br>21 U.S.C. § 846<br>21 U.S.C. § 853 |

The Grand Jury charges:

## COUNT ONE

**Distribution of Fentanyl**
**21 U.S.C. § 841(a)(1) and (b)(1)(B)**

On or about May 18, 2022, in the District of Idaho, the Defendant, ERNESTO

ANTONIO DIAZ GASPAR, did knowingly and intentionally distribute 40 grams or more of a

INDICTMENT - 1

mixture and substance containing a detectable amount of fentanyl, a schedule II controlled substances, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B).

## COUNT TWO

### Distribution of Fentanyl
### 21 U.S.C. § 841(a)(1) and (b)(1)(B)

On or about June 8, 2022, in the District of Idaho, the Defendant, ERNESTO ANTONIO DIAZ GASPAR, did knowingly and intentionally distribute 40 grams or more of a mixture and substance containing a detectable amount of fentanyl, a schedule II controlled substances, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B).

## COUNT THREE

### Distribution of Fentanyl
### 21 U.S.C. § 841(a)(1) and (b)(1)(C)

On or about July 28, 2022, in the District of Idaho, the Defendant, ERNESTO ANTONIO DIAZ GASPAR, did knowingly and intentionally distribute a mixture and substance containing a detectable amount of fentanyl, a schedule II controlled substances, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## COUNT FOUR

### Distribution of Fentanyl
### 21 U.S.C. § 841(a)(1) and (b)(1)(B)

On or about October 4, 2022, in the District of Idaho, the Defendant, ERNESTO ANTONIO DIAZ GASPAR, did knowingly and intentionally distribute 40 grams or more of a mixture and substance containing a detectable amount of fentanyl, a schedule II controlled substances, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B).

**INDICTMENT - 2**

## COUNT FIVE

### Distribution of Methamphetamine
### 21 U.S.C. § 841(a)(1) and (b)(1)(A)

On or about November 17, 2022, in the District of Idaho, the Defendant, ERNESTO ANTONIO DIAZ GASPAR, did knowingly and intentionally distribute 50 grams or more of actual methamphetamine, a schedule II controlled substances, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A).

## COUNT SIX

### Conspiracy to Distribute Methamphetamine
### 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846

On or about January 5, 2023, in the District of Idaho, the Defendants, ERNESTO ANTONIO DIAZ GASPAR and JOSE DEJESUS LOERA, did knowingly and intentionally combine, conspire, confederate, and agree together and with other persons, known and unknown to the Grand Jury, to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a schedule II controlled substances, in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(A), and 846.

## COUNT SEVEN

### Distribution of Methamphetamine
### 21 U.S.C. § 841(a)(1) and (b)(1)(A); 18 U.S.C. § 2

On or about November 16, 2022, in the District of Idaho, the Defendants, HECTOR MANUEL OJEDA APONTE and CEVIN ALFONZO MARTINEZ, did knowingly and intentionally distribute 50 grams or more of actual methamphetamine, a schedule II controlled substances, and aided and abetted the same, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A), and Title 18, United States Code, Section 2.

INDICTMENT - 3

## COUNT EIGHT

### Distribution of Methamphetamine
### 21 U.S.C. § 841(a)(1) and (b)(1)(A); 18 U.S.C. § 2

On or about December 8, 2022, in the District of Idaho, the Defendants, HECTOR MANUEL OJEDA APONTE, CEVIN ALFONZO MARTINEZ, and WILKIN ROLANDO MARTINEZ MUNGUIA, did knowingly and intentionally distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a schedule II controlled substances, and aided and abetted the same, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A), and Title 18, United States Code, Section 2.

## CRIMINAL FORFEITURE ALLEGATION

### Drug Forfeiture
### 21 U.S.C. § 853

Upon conviction of the offenses alleged in Counts One through Eight of this Indictment, the Defendants, ERNESTO ANTONIO DIAZ GASPAR, HECTOR MANUEL OJEDA APONTE, JOSE DEJESUS LOERA, CEVIN ALFONZO MARTINEZ, and WILKIN ROLANDO MARTINEZ MUNGUIA, shall forfeit to the United States any and all property, real and personal, tangible and intangible, consisting of or derived from any proceeds the said Defendants obtained directly or indirectly as a result of the foregoing offenses; and any and all property, real and personal, tangible and intangible, used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the foregoing offenses. The property to be forfeited includes, but is not limited to, the following:

1. Unrecovered Cash Proceeds and/or Facilitating Property. The Defendants obtained and controlled unrecovered proceeds of the offense of conviction, or property derived from or traceable to such proceeds, and property the Defendants used to facilitate the offense, but

INDICTMENT - 4

based upon actions of the Defendants, the property was transferred, diminished, comingled, or is otherwise unavailable.

2.      Substitute Assets.  Pursuant to 21 U.S.C. § 853(p) and other applicable statutes, the government will seek forfeiture of substitute assets, "or any other property of the Defendant" up to the value of the Defendant's assets subject to forfeiture.  The government will do so when the property subject to forfeiture cannot be forfeited for one or more of the following reasons:

a.      Cannot be located upon the exercise of due diligence;

b.      Has been transferred or sold to, or deposited with, a third person;

c.      Has been placed beyond the jurisdiction of the court;

d.      Has been substantially diminished in value; or

e.      Has been commingled with other property which cannot be subdivided without difficulty.

Dated this 14th day of February, 2023.

A TRUE BILL

*/s/ [signature on reverse]*

FOREPERSON

JOSHUA D. HURWIT
UNITED STATES ATTORNEY
By:

DAVID J. MORSE
ASSISTANT UNITED STATES ATTORNEY

INDICTMENT - 5